UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>CRYSTAL JENSEN,<br><br>                              Defendant. | Case No.:  20CR3354-WQH<br><br>**ORDER GRANTING CONTESTED JOINT MOTION FOR RECONSIDERATION OF DETENTION ORDER** |

On November 12, 2020, the United States (hereinafter "the Government") and Defendant Crystal Jensen (hereinafter "Defendant") filed a Contested Joint Motion with regard to reconsidering Defendant's Detention Order. (ECF No. 17.)

Background

After a hearing on October 1, 2020, the Court granted the Government's motion to detain Defendant. (ECF No. 4.) The Court found by a preponderance of the evidence that Defendant presented a serious risk of flight. The Court found that the following factors supported an order of detention: the weight of the evidence (although the least important factor), prior criminal history, history of drug abuse, insufficient or

1

speculative bond proposal, and a history of failing to appear in court (approximately 13 warrants issued for Defendant's appearance in court over the last nine years).

Defendant now seeks reconsideration of the Court's Detention Order and requests that the Court set release conditions, including a $10,000 personal signature bond. The Court finds review of its Detention Order appropriate under 18 U.S.C. §3142(f) and 18 U.S.C. § 3145(b).

### Defendant's Position

Defendant indicates that she is in a high-risk category of COVID-19 based upon her medical condition and the condition of the Western Region Detention Facility where Defendant is currently housed. Defendant asserts that the COVID-19 pandemic and the risk it poses constitute a change in circumstances that the Court should consider in granting bond.

### Government's Position

The Government maintains that Defendant is a flight risk as initially found at the Detention Hearing. The Government indicates that should bond be set, a surety other than Defendant's own signature should be required.

### Pretrial Service Officer's Position

Input from the Pretrial Services Officer was either not sought or not put in the jointly filed motion, however, at the initial detention hearing, Pretrial Services argued for detention.

### Analysis

18 U.S.C. § 3142(f) provides that the detention hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the

safety of any other person and the community. 18 U.S.C. § 3145(b) provides that an individual ordered detained by a magistrate judge may file a motion for revocation or amendment of the order.

Although the Court is mindful of the serious risks any person faces due to the COVID-19 pandemic, said reason in and of itself is not sufficient to modify the balance of factors prescribed by Congress in determining whether he is properly subject to pretrial detention. See United States v. Villegas, No. 2:19-cr-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020) ("No matter the heightened risks intrinsic to prison populations as a matter of public health, the Court has no authority as a matter of law to permit pretrial release under the Bail Reform Act just because of the current pandemic's generic risks.").

With respect to reconsidering the Court's Detention Order, the Court notes that the Detention Order was entered without prejudice based on the information available on the date of Defendant's initial appearance. In support of this motion, Defendant filed documents under seal as to the nature of her medical condition which were not previously presented to this Court. The Court believes her medical condition places her at a higher risk of experiencing severe health complications if she is infected with COVID-19 than an average adult detainee.

Based on this new information, the Court finds conditions of release can be set that will reasonably assure Defendant's appearance as required. The Court disagrees with Defendant's request for a personal signature bond however, as her extensive prior record of failing to appear in court as ordered does not justify said bond. The Court will enter a separate Pretrial Release Order setting forth the specific conditions of release.

As such, the Court **GRANTS** Defendant's request for reconsideration of its

///
///
///

Detention Order.

**IT IS SO ORDERED.**

Dated:   November 16, 2020

_____
MICHAEL S. BERG
U.S. Magistrate Judge